RUBIN, FIORELLA, FRIEDMAN & MERCANTE LLP
James E. Mercante
Joseph R. Federici
630 Third Street, 3rd Floor
New York, New York 10017
(212) 953-2381
*Attorneys for Third-Party Defendant*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

---

CERTAIN UNDERWRITERS AT LLOYD'S OF
LONDON SUBSCRIBING TO CONTRACT NO.
B0621MASRPM117BND, CERTIFICATE NO.
PTH-1760303, a/s/o STEPHEN RAK,

          Plaintiffs,

    v.

BREWER FERRY POINT MARINA, INC., SHM
FERRY POINT, LLC, and SAFE HARBOR
MARINAS, LLC,

          Defendants.

---

SHM FERRY POINT, LLC,

          Defendant/ Third Party
          Plaintiff,

    v.

OFFSHORE NORTHEAST, LLC,

          Third Party Defendant.

---

Civil No.: 3:20-cv-01099-JCH

**ANSWER AND COUNTER-CLAIMS**

---

Third-Party Defendant, **OFFSHORE NORTHEAST, LLC** by and through its attorneys

RUBIN, FIORELLA, FRIEDMAN & MERCANTE LLP, as and for its Answer to the Complaint

and the Third-Party Complaint pursuant to Fed. R. Civ. P. 14(c) says as follows:

1

## ANSWERING THE COMPLAINT

1. Paragraph one (1) contains conclusions of law for which no response is required.   To the extent a response is required, the allegations are denied as to the claims against Offshore Northeast.

2. Paragraph two (2) is a jurisdictional statement for which no response is required.

3. Paragraph three (3) is a jurisdictional statement for which no response is required.

4. Denies the knowledge or information sufficient to form a belief as to the allegations in paragraph four (4).

## ANSWERING "PARTIES"

5. Denies the knowledge or information sufficient to form a belief as to the allegations in paragraph five (5).

6. Denies the knowledge or information sufficient to form a belief as to the allegations in paragraph six (6).

7. Denies the knowledge or information sufficient to form a belief as to the allegations in paragraph seven (7).

8. Denies the knowledge or information sufficient to form a belief as to the allegations in paragraph eight (8).

9. Denies the knowledge or information sufficient to form a belief as to the allegations in paragraph nine (9).

10. Denies the knowledge or information sufficient to form a belief as to the allegations in paragraph ten (10).

## ANSWERING "FACTUAL ALLEGATIONS"

11. Denies the knowledge or information sufficient to form a belief as to the allegations in paragraph eleven (11).

12. Denies the knowledge or information sufficient to form a belief as to the allegations in paragraph twelve (12).

13. Denies the knowledge or information sufficient to form a belief as to the allegations in paragraph thirteen (13).

14. Denies the knowledge or information sufficient to form a belief as to the allegations in paragraph fourteen (14).

15. Denies the knowledge or information sufficient to form a belief as to the allegations in paragraph fifteen (15).

16. Denies the knowledge or information sufficient to form a belief as to the allegations in paragraph sixteen (16).

17. Denies the knowledge or information sufficient to form a belief as to the allegations in paragraph seventeen (17).

18. Denies the knowledge or information sufficient to form a belief as to the allegations in paragraph eighteen (18).

19. Denies the knowledge or information sufficient to form a belief as to the allegations in paragraph nineteen (19).

20. Denies the knowledge or information sufficient to form a belief as to the allegations in paragraph twenty (20).

21. Denies the knowledge or information sufficient to form a belief as to the allegations in paragraph twenty-one (21).

22. Denies the knowledge or information sufficient to form a belief as to the allegations in paragraph twenty-two (22).

23. Denies the knowledge or information sufficient to form a belief as to the allegations in paragraph twenty-three (23).

24. Denies the knowledge or information sufficient to form a belief as to the allegations in paragraph twenty-four (24).

25. Denies the knowledge or information sufficient to form a belief as to the allegations in paragraph twenty-five (25).

26. Denies the knowledge or information sufficient to form a belief as to the allegations in paragraph twenty-six (26).

27. Admits that Rak contacted Michael Palumbo but denies the characterization of their conversation, and denies the knowledge or information sufficient to form a belief as to the remainder of the allegations in paragraph twenty-seven (27).

28. Denies the knowledge or information sufficient to form a belief as to the allegations in paragraph twenty-eight (28).

29. Denies the knowledge or information sufficient to form a belief as to the allegations in paragraph twenty-nine (29).

## ANSWERING "COUNT I – NEGLIGENCE"

30. Repeats and realleges the answers to paragraphs one (1) through twenty-nine (29) as if fully set forth herein.

31. Paragraph thirty-one (31) is a conclusion of law for which no response is required.

32. Denies the knowledge or information sufficient to form a belief as to the allegations in paragraph thirty-two (32).

33. Denies the knowledge or information sufficient to form a belief as to the allegations in paragraph thirty-three (33).

34. Denies the knowledge or information sufficient to form a belief as to the allegations in paragraph thirty-four (34).

## ANSWERING THE THIRD-PARTY COMPLAINT

1. Paragraph one (1) is a jurisdictional statement for which no response is required.

2. Paragraph two (2) is a jurisdictional statement for which no response is required.

3. Denies the knowledge or information sufficient to form a belief as to the allegations in paragraph three (3).

4. Denies the knowledge or information sufficient to form a belief as to the allegations in paragraph four (4).

5. Denies the knowledge or information sufficient to form a belief as to the allegations in paragraph five (5).

6. Admits the allegations in paragraph six (6).

7. Denies the allegations in paragraph seven (7).

8. Denies the allegations in paragraph eight (8).

9. Denies the allegations in paragraph nine (9).

10. Denies the allegations in paragraph ten (10).

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Third-Party Complaint fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Any damages, as alleged in the Complaint, which are denied, were caused in whole or in part and/or were contributed, through the negligence, fault, want of care, and/or culpable conduct of plaintiff, and/or on the part of others, without any negligence on the part of Offshore Northeast, who seeks a dismissal or reduction in any recovery that may be had by the plaintiff, in the proportion to the negligence, fault, want of care, and/or culpable conduct attributable to plaintiff, and/or others which caused said injuries, illnesses, conditions, disabilities or damages.

## THIRD AFFIRMATIVE DEFENSE

Any damages alleged by plaintiff, which are denied, were the result of the fault, neglect, and breach of duty of care by plaintiff, and/or on the part of others, over whom Offshore Northeast exercised no legal authority or control, and for whom Offshore Northeast cannot be held liable as a matter of law.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by applicable statutes of limitations, repose, laches and/or estoppel as governed by applicable state law.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate their damages.

## SIXTH AFFIRMATIVE DEFENSE

Offshore Northeast further alleges that whatever damages are alleged by plaintiff, which are denied, are unrelated to the incident alleged to have occurred on August 2, 2018.

## SEVENTH AFFIRMATIVE DEFENSE

Offshore Northeast claims all defenses available under state and federal law, statutes and

regulations.

## EIGHTH AFFIRMATIVE DEFENSE

At all times material hereto, Offshore Northeast complied with all applicable standards of law, regulations and statutes.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is not a real party in interest.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, which are denied, were caused by an intervening/ superseding cause or actor, which Offshore Northeast did not control and could not have foreseen.

## COUNTER-CLAIMS AGAINST THIRD-PARTY PLAINTIFF

Third-party defendant, OFFSHORE NORTHEAST, LLC, for its counter-claim against Third-Party Plaintiff, SHM FERRY POINT, LLC, alleges on information and belief as follows:

## COUNTER-CLAIM FOR INDEMNITY

In the event that there is a verdict, judgment, settlement, or arbitration award in favor of the plaintiff, against OFFSHORE NORTHEAST, LLC, then OFFSHORE NORTHEAST, LLC demands judgment of full indemnity over third-party plaintiff SHM FERRY POINT, LLC, by reason of their wrongful conduct being the proximate cause of plaintiff's alleged damages.

## COUNTER-CLAIM FOR CONTRIBUTION

In the event that there is a verdict, judgment, settlement, or arbitration award in favor of the plaintiff, against OFFSHORE NORTHEAST, LLC, then OFFSHORE NORTHEAST, LLC demands contribution from third-party plaintiff SHM FERRY POINT, LLC by reason of their

wrongful conduct being the proximate cause of plaintiff's alleged damages.

**WHEREFORE**, third-party defendant **OFFSHORE NORTHEAST, LLC** hereby

respectfully demands:

a.  Judgment in its favor, dismissing plaintiff's complaint with prejudice;

b.  Judgment in its favor, dismissing the third-party complaint with prejudice;

c.  Judgment in its favor as against third-party plaintiff SHM FERRY POINT, LLC on the counter-claims;

d.  Costs including reasonable attorney fees; and

e.  Such other and further relief as the Court may deem just and proper.

Dated: October 14, 2020
New York, New York

Respectfully submitted,

RUBIN,    FIORELLA,    FRIEDMAN    &
DEFENDANTS LLP
*Attorneys for Third-Party Defendant*

By:   _Joseph R. Federici_
Joseph R. Federici
James E. Mercante
630 Third Avenue, 3rd Floor
New York, New York 10017
Tel: 212-953-2381
Fax: 212-953-2462
E-Mail: Jmercante@rubinfiorella.com
E-Mail: Jfederici@rubinfiorella.com
Our File: 0724.42997

To:

Michael S. Lynch
Lynch Law Group, LLC
*Attorneys for Plaintiff*
215 Coram Ave
Shelton, CT 06484
Tel: 203-836-3201
Fax: 203-836-3211
mlynch@lynchlawgroup.net

Timothy J. Nast
Tisdale Law Offices, LLC
*Attorneys for Defendants*
10 Spruce Street
Southport, CT 06890
Tel: 203-254-8474
Fax: 203-254-1641
tnast@tisdale-law.com