UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
---------------------------------------------------------------
CERTAIN UNDERWRITERS AT LLOYD'S
OF LONDON SUBSCRIBING TO CONTRACT
NO. B0621MASRPM17BND, CERTIFICATE
NO. PTH-1760303, a/s/o STEPHEN RAK,

                 20-CV-01099 (JCH)

  Plaintiff,

v.

BREWER FERRY POINT MARINA, INC.,
SHM FERRY POINT, LLC and SAFE HARBOR  November 16, 2020
MARINAS, LLC,

  Defendants.
---------------------------------------------------------------
SHM FERRY POINT, LLC

  Defendant / Third Party Plaintiff

v.

OFFSHORE NORTHEAST, LLC

  Third Party Defendant
---------------------------------------------------------------

## REPORT OF PARTIES' PLANNING MEETING

| | |
|---|---|
| **Date Complaint Filed:** | 8/3/2020 |
| **Date Complaint Served:** | 8/12/2020 |
| **Date of Defendant's Appearance:** | 8/31/2020 |
| **Date of Third-Party Complaint Filed:** | 9/14/2020 |
| **Date Third-Party Complaint Served** | 9/23/2020 |

  Pursuant to Fed. R. Civ. P. 16(b), 26(f), and D. Conn. L. Civ. R. 16, a conference was held on October 14, 2020, November 13, November 16, 2020. The participants were:

*For plaintiff, CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO CONTRACT NO. B0621MASRPM17BND, CERTIFICATE NO. PTH-1760303, a/s/o STEPHEN RAK*

Michael S. Lynch
Lynch Law Group, LLC
215 Coram Avenue
Shelton, CT 06484
203-836-3201
*michael.lynch@littletonpark.com*

Aaron M. Dmiszewicki
12 Southeast 7th Street Suite 605
Fort Lauderdale FL 33301
954.414.0400 office | 954.414.0403 direct
*amd@davantlaw.com*
*www.davantlaw.com*

*For defendants, Brewer Ferry Point Marina, Inc., SHM Ferry Point, LLC, Safe Harbor Marinas, LLC*

Timothy J. Nast
Tisdale Law Offices
LLC 10 Spruce Street
Southport, CT  06890
Tel:     203-254-8474
Fax:    203-254-1641
*tnast@tisdale-law.com*

*Third-Party defendant Offshore Northeast, LLC*
James E. Mercante
Joseph R. Federici
630 Third Avenue, 3rd Floor
New York, New York 10017
Phone:  (212) 953-2381
Fax: (212) 953-2462
*jfederici@rubinfiorella.com*

**I.**      **CERTIFICATION**

Undersigned counsel (after consultation with their clients) and any undersigned self-represented parties certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the

2

case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II.   JURISDICTION

### A. Subject Matter Jurisdiction

This Court has jurisdiction pursuant to federal law 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure as an admiralty and maritime matter

### B. Personal Jurisdiction

Personal Jurisdiction is not contested.

## III.   BRIEF DESCRIPTION OF CASE

### A.   Claims of Plaintiff:

This is a subrogation claim brought by Underwriters as subrogee of Stephen Rak, the owner of a 2016 50' Outerlimits, hull identification no. OPL501030516 (the "Vessel"). It is Underwriters' position that the Vessel was damaged by one or more of the Defendants' failure to ensure that the Vessel's drain plug was properly installed prior to launching it on or about August 3, 2018. As a result of said failure, the Vessel took on water and partially sunk, causing damage for which Mr. Rak was indemnified by Underwriters, and pursuant to which Underwriters became subrogated to his rights.

### B.   Defenses and Claims of Defendant SHM Ferry Point, LLC:

SHM denies any acts or omissions which caused or contributed to the damages alleged in the Plaintiff's Complaint. There is a waiver of subrogation clause and a release of liability in the 2018 Summer Slip Contract which incorporates the Marina General Marina Rules and Conditions.  Liability, if any, lies with the Plaintiff, the  Third-Party Defendant, or other parties for whom SHM is not responsible.  SHM

respectfully refers to its Answer with Affirmative Defenses.

      **C.**     **Defenses and Claims of Third Party Defendant/s**:

Offshore Northeast denies any acts or omissions which caused or contributed to the damages alleged in the Plaintiff's Complaint and the Third Party Complaint (the partial submersion). The only work that Offshore Northeast performed on the day of the incident was a 'jump start' of the vessel's batteries (which Offshore Northeast did not even charge for). A jump start of a vessel's batteries could not have caused the partial submersion of the vessel.

**IV.**    **STATEMENT OF UNDISPUTED FACTS**

    Counsel and self-represented parties certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. However, at this juncture, the parties are still investigating the allegations and are not able to stipulate to any facts at this time.

**V.**    **CASE MANAGEMENT PLAN**

    **A.**    **Initial Disclosures**

    Initial disclosures will be served by December 18, 2020.

    **B.**    **Scheduling Conference**

    1. The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

    2. The parties prefer that a scheduling conference, if held, be conducted by telephone in light of the ongoing national pandemic.

    **C.**    **Early Settlement Conference**

    a.    The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice.

      b.      The parties request an early settlement conference after initial disclosures have been made, but before significant discovery has been conducted.

      c.      The parties prefer a settlement conference, when such a conference is held, with the magistrate judge or third-party mediator.

    d.  The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16 at this time, however do agree that a referral may be appropriate in the near future.

**D.    Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings**

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

      a.      Plaintiff(s) should be allowed until **January 29, 2021** to file motions to join additional parties and until **January 29, 2021,** to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules; a showing of good cause for the delay.

      b.      Defendant(s) should be allowed until **February 16, 2021** to file motions to join additional parties and until **February 16, 2021** to file a response to the complaint, or any amended complaint. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause' for the delay.

**E.    Discovery**

      a.      Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1).  At this time, the parties wish to appraise the Court of the Following information regarding the "needs of the case"
**1)**    **Plaintiff's position:** Discovery on damages should be limited, as Underwriters' damages were liquidated upon its indemnity payment to its insured. Discovery on liability is required. The facts surrounding the damage to the Vessel are disputed.

        **2)   Defendant SHM Ferry Point, LLC position:** Discovery on liability and damages is required.  The facts surrounding the alleged damage to the Vessel are disputed.

        **3)   Third-Party Defendant's position:**  Discovery on liability and damages is required.  The facts surrounding the alleged damage to the Vessel are disputed.

b.     The parties anticipate that discovery will be needed on the following subjects:
    **1)   Plaintiffs:** The facts and circumstances surrounding the event on the date in question, which party was responsible for maintenance of the subject equipment, the cause of the damages alleged in the Complaint, and the time frame of the events alleged in the Plaintiffs' Complaint.
    **2)   Defendant SHM Ferry Point, LLC:** The facts and circumstances surrounding the event on the date in question, which party was responsible for maintenance of the subject equipment, the cause of the damages alleged in the Complaint, and the time frame of the events alleged in the Plaintiffs' Complaint.
    **3)   Third-Party Defendant's position:** The facts and circumstances surrounding the event on the date in question, which party was responsible for maintenance of the subject equipment, the cause of the damages alleged in the Complaint, and the time frame of the events alleged in the Plaintiffs' Complaint.

c.     All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed (not propounded) by **August 30, 2021**.

d.     Discovery will not be conducted in phases.

e.     The parties anticipate that the plaintiff(s) will require a total of 5 depositions of fact witnesses and that the defendant(s) will require a total of **5** depositions of fact witnesses. The depositions of fact witnesses will be completed by **June 29, 2021**.

f.     At this time, the parties do not request permission to serve more than 25 interrogatories.

g.     Plaintiff intends to call expert witnesses at trial. Defendant/s intend to call expert witnesses at trial.

h.     Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by a **date not later than 2 months** before the deadline for completing all discovery. Any rebuttal expert witnesses and reports authorized by Fed. R. Civ. P. 26(a)(2)(D)(ii) shall be provided within 30 days after disclosure by the other party. Depositions of any such experts will be completed **the deadline for completing all discovery**.

i.     Parties will designate all trial experts and provide opposing counsel with

        reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by **a date not later than 1 month before the deadline for completing all discovery**. Depositions of such experts will be completed **by a date not later than the discovery cutoff date**.

j.    A damages analysis will be provided by any party who has a claim or counter claim by March 3, 2021.

k.    Undersigned counsel (after consultation with their clients) and self-represented parties have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties agree to the following procedures for the preservation, disclosure and management of such information: the parties agree to attempt to work together in good faith to formulate cost-effective alternatives (including, but not limited to, the use of appropriate search terms); and the parties agree to confer in good faith to agree on the most appropriate, cost-effective form (i.e., electronic or hard-copy) and format for making productions.

l.    Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production: entering into a confidentiality agreement with a clawback provision, to the extent the Parties determine one may be necessary in the future.

**F.**    **Summary Judgment Motions**

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before **September 28, 2021**.

**F.**    **Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by **October 26, 2021**.

**VI.**    <u>**TRIAL READINESS**</u>

    The case will be ready for trial by **November 1, 2021**.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action. The undersigned self-represented parties certify that they will cooperate with all other parties, counsel and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff *CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO CONTRACT NO. B0621MASRPM17BND, CERTIFICATE NO. PTH-1760303, a/s/o STEPHEN RAK*

By _____/s/Michael S. Lynch_____   Date: _____

Defendants *Brewer Ferry Point Marina, Inc., SHM Ferry Point, LLC, Safe Harbor Marinas, LLC*

By _____/s/ Timothy J. Nast_____   Date: _____

Third-Party Defendant *Offshore Northeast, LLC*

By _____/s/Joseph R. Federici_____   Date: _____